JUDGE PRESKA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- 08 CIV 5561 ----X

Civil Action

KAREN SILETTI,                      :

                                        COMPLAINT

            Plaintiff,              :

    v.                             :        Jury Demand    ECEIVE

e-DIALOG, INC.,                    :                    JUN 1 9 2008

            Defendant              :
-------------------------------------------------- ----X
                                         U.S.D.C. S.D.N.Y.
                                            CASHIERS

      Plaintiff, by her attorneys, Daniel Louis Grossman and

Alan L. Glazner, complaining of defendant, alleges:

## PRELIMINARY STATEMENT

      1.  This  action  is  brought  against  defendant  e-

Dialog,  Inc.  to  remedy  discrimination  on  the  basis  of  age

in  violation  of  the  Age  Discrimination  in  Employment  Act

("ADEA"),  as  amended  29  U.S.C.  §621,  et.  seq.,  and  the  New

York  State  Human  Rights  Law  ("NYSHRL"),  N.Y.  Exec.  L.  §296,

et.  seq.,  and  to  remedy  retaliation  in  violation  of  the

ADEA,  29  U.S.C.  §626(d),  and  the  NYSHRL,  N.Y.  Exec.  L.

§296(1)(e).    Plaintiff  seeks  monetary  damages,  and  all

other  appropriate  legal  and  equitable  relief,  pursuant  to

28  U.S.C.  §2201  29  U.S.C.  §626(b),  N.Y.  Exec.  L.  §297(4)(c)

and  (9),  and  all  other  applicable  federal  and  state  laws.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court over plaintiff's ADEA claims is invoked pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §§1331 and 1343(a)(4).

3.    Jurisdiction of this Court over plaintiff's NYSHRL claim is invoked pursuant to 28 U.S.C. §1367(a), in that the NYSHRL is so related to plaintiff's ADEA claims as to form the same case or controversy under Article III of the United States Constitution.

4.    Venue is proper within this District, pursuant to 28 U.S.C. §1391(b), (1,2) and (c) in that defendant resides and can be found in this District and a substantial part of the event giving rise to the claim occurred in this dispute.

5.    Plaintiff has complied with all administrative requirements of the ADEA.  On December 18, 2007, plaintiff timely filed a Charge of Discrimination against defendant with the United States Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights, complaining of the acts of discrimination on the basis of age and the acts of retaliation alleged herein.  Defendant appeared and responded to plaintiff's Charge of Discrimination.

6.    The EEOC issued plaintiff a Right to Sue Notice dated March 24, 2008.

## PARTIES

7.    Plaintiff is a United States citizen.    Her date of birth is October 4, 1953.

8.    Plaintiff resides in New Jersey.

9.    At all pertinent times herein until the involuntary termination of plaintiff's employment, plaintiff was employed by defendant in New York.    At all pertinent times herein, plaintiff was an "employee" within the meaning of 29 U.S.C. §630(f).

10.    On information and belief e-Dialog, Inc. is a Massachusetts corporation authorized to do business in New York.    Upon information and belief, defendant maintains its principal place of business at 131 Hartwell Avenue, Lexington, Massachusetts 02421.    Defendant is an "employer" within the meaning of 29 U.S.C. §§630(b) and 1002(5) and N.Y. Exec. L. §292(5).

11.    At all pertinent times herein, plaintiff was employed by defendant at defendant's New York office located at 352 7th Avenue, New York, NY, 10001 as an Account Manager.

## STATEMENT OF FACTS

12. Plaintiff is experienced in managing marketing campaigns, particularly in solving production and product control issues.

13. Defendant prepares e-mail marketing campaigns for major national accounts.

14. In 2006, defendant began experiencing product and production control problems for its major account Wyndam World Wide Hotels (Cendant). Defendant retained plaintiff on or about June 2006 as an outside consultant to analyze the problems defendant was having with the Cendant account and to make recommendations for improving production controls. Plaintiff's recommendations were accepted by Cendant, placed into effect, and resulted in the successful retention of the client.

15. Following the Cendant project, defendant continued to retain plaintiff as an outside consultant to assist in various production control issues for Cendant and other of defendant's clients. Defendant also retained plaintiff to contribute to approximately two (2) workshops for defendant's senior management staff.

16. On or about October 2006, defendant asked plaintiff to become defendant's full-time employee, and to take on the account management responsibilities for its new client, Bed, Bath & Beyond. Plaintiff had no prior experience as an account manager, but she needed specific e-Dialog training and technical training, and defendant promised plaintiff that adequate training would be provided to her.

17. Despite plaintiff's numerous requests for training, defendant failed to provide her with the training necessary to properly perform her job. Defendant did, however, train other, younger employees as account managers while refusing and failing to provide training to plaintiff.

18. Although plaintiff did not receive the training necessary for her continued success with the defendant, she received a score of 4 out of a possible 5 in her job performance review which was conducted in February 2007. (Exhibit 1). Plaintiff also received a bonus for the work she performed in the fourth quarter of 2006 and in the first quarter of 2007.

19.   Subsequent to her February 2007 review, plaintiff began to notice a significant change in attitude of the company toward herself and other older employees. Plaintiff came to realize that the promised training was being provided to all younger employees, but not to her.   This training was critical, as stated above in paragraph 18. Plaintiff also noticed that defendant's production department put a lower priority on her work than the priority it gave to the work for younger account managers.

20.   The validity of plaintiff's perception was established when Arthur Sweetser, Chief Marketing Officer for defendant, stated at an account managers' meeting that "the executive committee has made a decision several years ago to hire young and promote young.   Arthur Sweetser subsequently circulated a memo to all account managers, account directors and executive staff urging the staff to recruit "twenty-somethings" as employees of the company. (Exhibit 2).

21.   In March 2007, plaintiff complained to Human Resources about the discriminatory treatment she was receiving from numerous staff members because of her age. Plaintiff requested a copy of the employee handbook so she could review the Company's policy on age discrimination.

Human Resources advised plaintiff that the Company had no employee handbook, nor did it have any written policy on age discrimination.

22. Instead of taking any positive action concerning plaintiff's complaints about age discrimination, Human Resources told plaintiff's supervisor G.B. Heidarsson, to tell plaintiff to "keep a low profile" and to stay away from the people who were creating problems for plaintiff. The effect of this advice was to isolate plaintiff further from the staff she needed to work with to successfully perform her job functions.

23. On or about May 25, 2007, plaintiff met with her supervisor, G.B. Heidarsson, to discuss plaintiff's complaints that she was being treated differently from other account managers because of her age. Instead of addressing the complaints, Heidarsson began to remove various account responsibilities from plaintiff.

24. Heidarsson began to embarrass and attack plaintiff publicly in front of other employees. Heidarsson took away a major account from plaintiff and gave it to a younger employee. Upon information and belief, plaintiff at that time was the oldest account manager and the only person in the age protected category under ADEA.

25. On or about June 22, 2007, plaintiff filed another complaint with Human Resources, again alleging that Heidarsson and other employees were discriminating against plaintiff as a result of her age. Human Resources advised plaintiff at that time that there was no process in place to resolve an employee's age discrimination complaint.

26. On or about June 28, 2007, Heidarsson learned that plaintiff had filed a complaint with Human Resources concerning his treatment of plaintiff. He became furious with plaintiff and told her he would no longer make any effort to provide training to plaintiff until the age discrimination issue was "mediated". Later that day, Heidarsson called other employees into his office and told them that plaintiff was "on her way out".

27. On July 2, 2007, Jennifer Jackson, Human Resources Director, conducted a "mediation" between plaintiff and Heidarsson in a "hamburger joint." This setting was chosen, upon information and belief, to further humiliate and degrade the plaintiff.

28. Instead of addressing plaintiff's complaint about age discrimination and Heidarsson's public mistreatment of plaintiff, the entire "mediation" consisted of an attack against plaintiff's performance as an employee. Defendant prepared a "Mediation Agreement" for plaintiff to sign

which labeled the complaint filed by plaintiff as a "dispute concerning lack of communication. The "agreement" listed numerous performance requirements that plaintiff had to meet in order to retain her position with the Company within a 90-day period. (Exhibit 3). Instead of addressing plaintiff's age discrimination complaint, defendant placed plaintiff on probation. (Exhibit 2).

29. Plaintiff signed the Mediation Agreement on July 26, 2007, adding a statement that she merely signed it to acknowledge receipt, and that she disagreed with its terms. Defendant fired plaintiff later that day without any further warning or notice.

## AS AND FOR THE FIRST CAUSE OF ACTION
### Age Discrimination in Violation of the ADEA

30. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 of the Complaint as though recited at length herein.

31. Defendant took the adverse actions described in paragraphs 17 through 29 of the Complaint because of plaintiff's age.

32. Upon information and belief, defendant, by the actions described in paragraphs 17 through 29 of the Complaint, has unlawfully discriminated against plaintiff on the basis of age in violation of 29 U.S.C. § 623.

33. Upon information and belief, defendant's violations of the ADEA described in paragraphs 17 through 29 of the Complaint were willful, within the meaning of 29 U.S.C. § 626(b).

34. Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory acts unless and until this Court grants the relief requested herein.

35. No previous application has been made for the relief requested herein.

## AS AND FOR A SECOND CAUSE OF ACTION
### Age Discrimination in Violation of the NYSHRL

36. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 35 of the Complaint as if recited at length herein.

37. Upon information and belief, the decision to terminate plaintiff's employment was made, reviewed and/or approved in New York.

38. Upon information and belief, defendant took the adverse actions described in paragraphs 17 through 29 of the Complaint because of plaintiff's age.

39. Defendant, by the discriminatory acts alleged in paragraphs 17 through 29, have violated the NYSHRL, N.Y. Exec. L. § 296(1)(a).

40. Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory acts unless and until this Court grants the relief requested herein.

41. No previous application has been made for the relief requested herein.

### AS AND FOR A THIRD CAUSE OF ACTION
### Unlawful Retaliation in Violation of the ADEA

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 41 of the Complaint as if recited at length herein.

43. Plaintiff engaged in activity protected under the ADEA, 29 U.S.C. § 623(d), in that, as described in paragraphs 17 through 29 of the Complaint, plaintiff opposed and complained to defendant about the discriminatory practices described in those paragraphs.

44. Defendant was aware of the protected activity described in paragraphs 17 through 29 of the Complaint.

45. Upon information and belief, defendant took the adverse actions referenced in paragraphs 17 through 29 of the Complaint, because plaintiff opposed and complained to defendant about the discriminatory practices described in paragraphs 25 through 29 of the Complaint.

46. Defendant, through the actions referenced in paragraphs 17 through 29 of the Complaint, have unlawfully retaliated against plaintiff, in violation of the ADEA, 29 U.S.C. § 623(d).

47. Upon information and belief, defendants' actions in violation of the ADEA described in paragraphs 17 through 29 of the Complaint were willful within the meaning of 29 U.S.C. § 626(b).

48. Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory acts unless and until this Court grants the relief requested herein.

49. No previous application has been made for the relief requested herein.

### AS AND FOR THE FOURTH CAUSE OF ACTION
### Unlawful Retaliation in Violation of the NYSHRL

50. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 49 of the Complaint as if recited at length herein.

51. Upon information and belief, the decision to terminate plaintiff's employment was made, reviewed and/or approved in New York.

52. As described in paragraphs 17 through 29 of the Complaint, plaintiff opposed and complained to defendant about the age discrimination described in those paragraphs. Plaintiff thus engaged in activity protected under the NYSHRL of which defendant was aware.

53. Upon information and belief, defendant took the adverse actions against plaintiff described in paragraphs 17 through 29 of the Complaint, because plaintiff opposed discriminatory practices described in those paragraphs.

54. Defendant, through the actions referenced in paragraphs 25 through 29 of the Complaint, has unlawfully retaliated against plaintiff, in violation of the NYSHRL, N.Y. Exec. L. § 296(1)(e).

55. Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the defendants' discriminatory acts unless and until this Court grants the relief requested herein.

56. No previous application has been made for the relief requested herein.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment:

(a) declaring that the acts and practices complained of herein are in violation of the ADEA and the NYSHRL;

(b) enjoining and permanently restraining the violations alleged herein;

(c) directing defendant to reinstate plaintiff to the position she would have occupied, but for defendant's discriminatory and retaliatory treatment, and to make her whole for all earnings and benefits she would have received but for defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, bonuses, health insurance benefits, pension benefits, life and accident insurance benefits, stock options and all other benefits and compensation;

(d) directing defendant to pay plaintiff liquidated damages for its willful acts of discrimination and retaliation, pursuant to the ADEA, 29 U.S.C. § 626(b);

(e) directing defendant to pay plaintiff compensatory damages, including but not limited to, damages to reputation and damages for humiliation and mental anguish, and punitive damages, for its willful acts of retaliation, pursuant to ADEA, 29 U.S.C. § 626(b), incorporating 29 U.S.C. § 215(a)(3).

(f) directing defendant to pay plaintiff compensatory damages, including but not limited to, damages to reputation and damages for humiliation and mental anguish, as provided for in N.Y. Exec. L. § 297(4)(c) and (9);

(g) awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided for in 29 U.S.C. § 626(b); and

(h) granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, by and through his above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by Jury in the above captioned action.

Dated:

Alan L. Glazner, Esq. (6927)
11 Commerce Drive
Cranford, N.J. 07016
(908) 272-1544

and

Daniel Louis Grossman, Esq.(3940)
11 Commerce Drive
Cranford, N.J. 07017
(908) 272-4114

# EXHIBIT 1

# EXHIBIT 1

e-Dialog Employee Growth Plan
For the Period: July – December 2006

| Employee: | Karen Silleti |
| Position: | Account Manager |
| Department: | Professional Services, New York |
| Manager: | G.B. Heidersson |

**Please list 3-5 accomplishments toward your personal/company goals:**

1)

2)

3)

4)

5)

**Please list 3-5 accomplishments above and beyond:**

1)

2)

3)

4)

5)

**Please list any training you have done: (On the Job Training, Formal Coursework, Self-Development and Special**

2)

3)

4)

5)

**Evaluate Performance and Accomplishments Using the Following Groupings:**

| | | Employees and Managers should use the following schedule numbers as scores |
|---|---|---|
| Exceptional | Consistently, over done, significantly exceeds expectations with exceptional quality, quantity and timeliness of work. Always achieves exceptional results well beyond those expected of the position. Note – on top of this, exceeds is highly Praised. | 5 |
| Exceeds | Consistently exceeds the normal expectations for the position; exceeds expected criteria for quality, quantity and timeliness of work. Achieves results beyond those expected of the position. | 4 |
| Meets | Consistently performs all duties of the position in a fully-capable manner; meets all expected criteria for quality, quantity and timeliness of work. meets goals and objectives. | 3 |
| Nearly Meets | Performs many duties in a capable manner; meets some goal and objectives but requires improvement to achieve overall satisfactory performance; may require more supervision than expected for assignment. Could be the performance level new to a position. | 2 |
| Does Not Meet | Does not perform to job standards. Requires immediate improvement in most or all aspects of performance. A written performance improvement plan is indicated. Separation or reassignment may be considered. | 1 |
| Not Applicable | Not Applicable | 0 |

|  | Employee's Rating | Manager's Rating |
|---|---|---|

**Core Value: Effectiveness**

| Quality |
|---|
| Completes high quality work with thoroughness and accuracy to achieve results. High attention to detail. Thoroughly follows standards and procedures. Keeps complete records. |

| | Rating | 4.0 | | 5.0 |
|---|---|---|---|---|

Page 1

**roductivity**

Completes assignments by or before deadline. Maintains control of work regardless of environmental pressures. Manages priorities. Accepts new responsibilities.

| | Rating | 3.0 | 3.0 |
|---|---|---|---|

**Problem-Solving**

Quickly determines what problems may arise and reacts in a proactive manner. Determines the best solution to the problem and either recommends or implements an effective solution - takes responsibility for decisions. Eliminates making the same mistake twice.

| | Rating | 4.0 | 4.0 |
|---|---|---|---|

**Communication**

Articulates ideas in a clear, concise, and appropriate manner. Produces readable and accurate written documentation.

| | Rating | 3.0 | 3.0 |
|---|---|---|---|

**Goal Attainment**

Rate performance against established goals.

| | Rating | - | 3.0 |
|---|---|---|---|

If comments are longer than allowed, use additional sheet

**Comments - Effectiveness**

| Employee's Comments: | No goals set in 4th quarter, new hire. I can be more productive as I become more familiar with ED and its internal processes. |
|---|---|
| Manager's Comments: | Karen was a freelancer before coming onto staff in November. Although she has adapted well to the role of account manager it should be kept in mind that on the job day to day training has been limited due New York office situation |

## Core Value: Work Ethic

**Dependable**

You are here when needed and can be relied upon.

| | Rating | 5.0 | 5.0 |
|---|---|---|---|

**Builds Knowledge**

Improve your job performance through training and seek opportunities for growth through special assignments.

| | Rating | 5.0 | 4.0 |
|---|---|---|---|

**Sense of Urgency**

Your customers are treated like they are your #1 priority. A customer is defined as anyone you interact with.

| | Rating | 5.0 | 4.0 |
|---|---|---|---|

**Accountability**

You taking responsibility for your own actions/mistakes. You do not place blame on others and holds yourself accountable to make things happen to get the job done right.

| | Rating | 5.0 | 5.0 |
|---|---|---|---|

If comments are longer than allowed, use additional sheet

**Comments - Work Ethic**

| Employee's Comments: | |
|---|---|
| Manager's Comments: | Karen has exceptional work ethic in general and is very driven to deliver good work down to the smallest detail. |

## Core Value: Innovation

**Creativity**

From radical ideas to incremental changes, you invent new ways to do your job and make us a better organization.

| | Rating | 4.0 | 3.0 |
|---|---|---|---|

**Builds on Success**

You are constantly improving what you do from lessons learned.

| | Rating | 4.0 | 3.0 |
|---|---|---|---|

**Embraces Change**

Welcomes change with a positive attitude regardless of the change i.e. job, policies, procedures, or management.

| | Rating | 4.0 | 3.0 |
|---|---|---|---|

If comments are longer than allowed, use additional sheet

**Comments - Innovation**

| Employee's Comments: | |
|---|---|

**Manager's Comments:** Karen has been driven to learn th ab\* position which has hampered her ability to innovate. We hope this changes as the business more assured in her position

## Core Value: Teamwork

**Shares Expertise**
Sharing your vast knowledge with others is part of your day-to-day routine. You are keenly aware of e-D's best practices are and keep them updated and educate everyone if/when you find a better way of doing something.

| | Rating | 3.0 | 4.0 |
|---|---|---|---|

**Respects Differences**
Not everyone is going to agree with what you feel is right or wrong. It's all about respecting, understanding and appreciating others ideas, values, and cultural differences to mention a few. You value everyone equally. Stresses and develops cooperation among co-workers, customers, and vendors.

| | Rating | 4.0 | 4.0 |
|---|---|---|---|

If comments are longer than allowed, use additional sheet

**Comments - Teamwork**

**Employee's Comments:** I am not aware of all of e-Dialog's best practices. I would like to receive training in this regard. I consider myself a good team player in terms of training and sharing what I do know.

**Manager's Comments:** Good team work and communication skills but shhlely to reinvster detail orientation

## Management Skills Assessment – to be considered only for those who have direct reports

**Staff Development**

Trains coaches and develops employees. Spends an appropriate amount of time with each employee, not only in training but in assisting employees with long-term growth plans.

| | Rating | 3.0 | 3.0 |
|---|---|---|---|

**Motivates Staff**
Motivates employees to achieve personal, departmental and company goals. Recognizes individuals when performance exceeds expectations. Promotes teamwork and cooperation.

| | Rating | 4.0 | 3.0 |
|---|---|---|---|

**Supports Staff**

Fosters and encourages support from others to accomplish objectives. Steps in when necessary to assist employees achieve goals.

| | Rating | 4.0 | 3.0 |
|---|---|---|---|

**Accessibility**
Accessible to staff for questions, training and coaching.

| | Rating | 3.0 | 5.0 |
|---|---|---|---|

If comments are longer than allowed, use additional sheets

**Comments - Management Skills**

**Employee's Comments:** I am just getting started with reports, so this will be more applicable over time.

**Manager's Comments:** This section is not fully released at this time

| **Overall Performance Rating** | 3.72 |
|---|---|

**Summary/Overall Evaluation**
Hard working and driven in her position. The change of working conditions by opening our New York office are going to change overall interaction internally and towards clients and increase the value of this growth plan at a later date.

**New Goals and Objectives**
1 2

2 3

3 2

3 2

3 2

Sign this form at the end of your One-on-One meeting and forward originals to Human Resources.
Employee signature acknowledges that the document has been reviewed and understood but does not constitute approval.

**Employee's Signature:** _Kalus S Seth_   Date: _____

**Manager's Signature:** _____   Date: 2/1/'09

# EXHIBIT 2

# EXHIBIT 2

**Karen Siletti**

| | |
|---|---|
| **From:** | Arthur Sweetser |
| **Sent:** | Thursday, May 31, 2007 3:14 PM |
| **To:** | Executive; Kathleen Lane; Jennifer Jackson; Tracey Mathewson; Rob Tilton; Ads; AMs Only; Audrey Batista Vieira; Mike Pappagallo; Randy Marquis; Tim Ryan; Nancy Darish; Anna Lu |
| **Subject:** | A must read -Attracting the twentysomething worker– managing our young, talented, higher needs, work force..from arthur |

E-dialogers,

You are either one of them or you currently manage a twentysomething. They are a large part of our workforce and the fastest growing group. Rob sent this to in link yesterday.

I read it.

It's a must read.

A hard copy for Lex based teams are in your mailboxes.

READ IT.

Are we a top twentysomething employer?

What do we do well that they connect with?

What could we do better at? More often? Change?

What aren't we doing? What's it going to take to get us there?

I will host a lexington lunch next week to solicit your thoughts.

Non-Lex, let me collect what I get here, then I will push out to you and host conf call for your input.

By they way, you are all terrific! ( read the article – you'll get it)

Arthur

# Attracting the twentysomething worker

The baby-boomers' kids are marching into the workplace, and look out: This crop of twentysomethings really is different. Fortune's Nadira Hira presents a field guide to Generation Y.

FORTUNE **By Nadira A. Hira, Fortune writer-reporter**

# EXHIBIT 3

# EXHIBIT 3



# MEDIATION
# AGREEMENT

Mediation between:    Karen Siletti and G.B. Heidarsson held in New York.

Date(s) of Mediation: July 2, 2007

Mediator:                Jennifer Jackson; Human Resources Manager

The parties have agreed to settle their dispute concerning lack of communication and agree to the following terms and conditions:

- Karen will complete training (mostly done except for one-to-two sessions on Account Management roadmap)
- Karen will start to learn NBTY and participate in meetings and other work
- Karen needs to successfully complete our Management program.
  - o Upon successful completion Karen will be assigned a new Program Manager.  Successful completion will be determined by the Trainer.

## Main Goals
- Understand and work with internal processes effectively.
- Show better turn around time and utilization of e-Dialog technology.
- Help stabilize and increase structure and planning on client side to ensure cooperation between e-Dialog and NBTY can be more successful
- Expected to be a change agent in simplifying data streams between e-Dialog and NBTY
- Grow and polish management skills and allow future direct report(s) autonomy in his/her job
- Help future direct report(s) to grow in responsibility and help with their career development.
- Build positive relationships and trust with internal departments
  - o This can be achieved by showing respect for other departments work, capabilities and workload by utilizing e-Dialog processes to submit work specs in completed form or with minimal changes needed.

## Success Metrics
- At least 10% growth of client revenue without sacrificing margin during Quarter 3
- Completed signed contract with NBTY, preferably with a built in retainer
- New and improved data structure between e-Dialog and NBTY
- Direct report(s) view your supervisory role as supportive, fair and functional
- All directly involved employees within in other internal departments notice an increase in your technical skill level
- Improvement in communication skills such as active listening, encouragement of others input and understanding of team dynamics

Karen will be reviewed Thursday, August 16, 2007 (45 days) and October 1, 2007 (90 days) regarding development and progress.

Failure to meet the set standards established above or if there are any further validated complaints it will result in disciplinary action up to and including termination

Manager: _____    Date: _____

Employee Signature: _Karen L. Smith____    Date: _7/25/07_

Human Resources: _____    Date: _____

Employee's Comments:

I am signing to acknowledge receipt of this document I disagree with some of the findings. I restate my previous requests for written company policies regarding complaints, disciplinary actions + termination - this process was conducted and unsatisfactory.