UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAREN SILETTI,<br><br>            Plaintiff,<br><br>vs.<br><br>e-DIALOG, INC.,<br><br>            Defendant. | Civil Action No. 08 cv 5561<br><br>**DEFENDANT'S ANSWER TO COMPLAINT** |

The Defendant in this case, e-Dialog, by and through its attorneys, Bressler Amery & Ross, P.C., state in answer to the Complaint as follows:

AS TO PRELIMINARY STATEMENT

1.      The allegations contained in the Complaint's introductory paragraph are legal conclusions and therefore Defendant is not required to admit or deny them.

AS TO JURISDICTION AND VENUE

2.      The allegations contained in paragraph 2 are legal conclusions and therefore Defendant is not required to admit or deny them.  Defendant admits that this Court has subject matter jurisdiction.

3.      The allegations contained in paragraph 3 are legal conclusions and therefore Defendant is not required to admit or deny them.  Defendant admits that this Court has subject matter jurisdiction and that venue is correct.

4.      The allegations contained in paragraph 4 are legal conclusions and therefore Defendant is not required to admit or deny them.  Defendant admits that this Court has subject matter jurisdiction and that venue is correct.

5.      Defendant denies the allegations contained in paragraph 5 of the Complaint.

6.      Defendant admits the allegations contained in paragraph 6 of the Complaint.

## AS TO THE PARTIES

7.    Defendant is without information or knowledge as to the allegations contained in paragraph 7 and must therefore deny them.

8.    Defendant admits the allegations contained in paragraph 8 of the Complaint.

9.    Defendant denies the allegations contained in paragraph 9 of the Complaint, except to admit that Defendant employed Plaintiff as an account manager.

10.    Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.    Defendant admits the allegations contained in paragraph 11 of the Complaint.

## AS TO STATEMENT OF FACTS

12.    Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.    Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.    Defendant denies the allegations contained in paragraph 14 of the Complaint, except to admit that Defendant retained Plaintiff as an independent contractor in June 2006, and then hired her as a full-time employee on November 1, 2006.

15.    Defendant denies the allegations contained in paragraph 15 of the Complaint, except to admit that Defendant retained Plaintiff as an independent contractor in June 2006, and then hired her as a full-time employee on November 1, 2006.

16.    Defendant denies the allegations contained in paragraph 16 of the Complaint, except to admit that Defendant retained Plaintiff as an independent contractor in June 2006, and then hired her as a full-time employee on November 1, 2006.

17.    Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.    Defendant denies the allegations contained in paragraph 18 of the Complaint, except to admit that the document identified as <u>Exhibit 1</u> speaks for itself.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint, except to admit that the document identified as <u>Exhibit 2</u> speaks for itself.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint, except to admit that on July 2, 2007, Defendant met with Plaintiff to discuss her poor performance and to develop a performance improvement plan ("PIP").

28. Defendant denies the allegations contained in paragraph 28 of the Complaint, except to admit that on July 2, 2007, Defendant met with Plaintiff to discuss her poor performance and to develop a performance improvement plan ("PIP"), and that the document identified as <u>Exhibit 3</u> speaks for itself.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint, except to admit that on July 2, 2007, Defendant met with Plaintiff to discuss her poor performance and to develop a performance improvement plan ("PIP"), that the document identified as Exhibit 3 speaks for itself, and that Plaintiff was discharged on July 24, 2007.

<u>AS FOR THE FIRST CAUSE OF ACTION</u>

30. Defendant restates and re-alleges all its answers in paragraphs 1-29 of the Complaint as if set forth fully herein.

31.     Defendant denies the allegations contained in paragraph 31 of the Complaint.

32.     Defendant denies the allegations contained in paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.     Defendants denies the allegations contained in paragraph 35 of the Complaint.

### AS FOR THE SECOND CAUSE OF ACTION

36.     Defendant restates and re-alleges all its answers in paragraphs 1-35 of the Complaint as if set forth fully herein.

37.     Defendant denies the allegations contained in paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in paragraph 41 of the Complaint.

### AS FOR THE THIRD CAUSE OF ACTION

42.     Defendant restate and re-allege all its answers in paragraphs 1-41 of the Complaint as if set forth fully herein.

43.     Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in paragraph 49 of the Complaint.

AS FOR THE FOURTH CAUSE OF ACTION

50. Defendant restates and re-alleges all its answers in paragraphs 1-49 of the Complaint as if set forth fully herein.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of punitive damages can be granted.

THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of attorneys' fees can be granted.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff has waived any claim she may have, which is denied, to seek relief against Defendants.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped and barred by her own conduct from recovering any relief.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims, or the damages she may recover, are barred or at least reduced by his failure to mitigate damages.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Insofar as Plaintiff purports to allege a claim or claims for negligence or for physical or mental and emotional distress, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New Jersey and/or New York Workers' Compensation Act.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims must fail because the employment decision would have been the same even if an impermissible factor was a motivating factor.

<u>NINTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims for punitive damages are barred by Defendant's good faith efforts to comply with the applicable employment discrimination and other laws.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred because Defendant exercised reasonable care to prevent and correct any allegedly improper behavior and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or otherwise to avoid the alleged harm.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims for punitive damages are barred by the United States and New Jersey and New York Constitutions, because the asserted standard for entitlement to punitive damages is vague and arbitrary and the procedure for the assessment of punitive damages violates Defendant's rights to due process of law, to equal protection of the law, the right to be free from the unlawful taking of

property, the right to be free of excessive fines and all other substantive and procedural protection of the Constitutions applicable to punitive damages.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are frivolous and not warranted by any existing law or reasonable extension of the existing law. Accordingly, Defendant is entitled to the reasonable costs and attorneys' fees incurred in defending these claims.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the applicable administrative procedures and conditions precedent were not properly effectuated or complied with prior to the commencement of this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable limitations periods.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert each and every other affirmative defense identified during this action.

WHEREFORE, Defendant requests judgment dismissing the Complaint it with prejudice, together with their attorneys' fees and costs of suit.

BRESSLER AMERY & ROSS, P.C.

By: ___/s/ Jed L. Marcus___
    Jed L. Marcus
    325 Columbia Turnpike
    Florham Park, New Jersey 07932
    Attorneys for Defendants
    (973) 966-9678
    jmarcus@bressler.com

Dated: Florham Park, New Jersey
       July 31, 2008

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I caused a copy of the foregoing Answer of Defendant to be served upon counsel for Plaintiff by mailing same, postage prepaid to Alan L. Glazner and Daniel Louis Grossman, 11 Commerce Drive, Cranford, New Jersey 07016.

                                                            _____/s/ Jed L. Marcus_____
                                                               JED L. MARCUS

Dated: July 31, 2008

919711_1

# BRESSLER, AMERY & ROSS

A PROFESSIONAL CORPORATION

P.O. Box 1980 • Morristown, NJ 07962
Hand Delivery:
325 Columbia Turnpike • Florham Park, NJ 07932
973.514.1200 • fax 973.514.1660
www.bressler.com

Jed L. Marcus
Member

direct: 973-966-9678
jmarcus@bressler.com

July 31, 2008

Clerk
United States District Court                    **VIA ECF**
Southern District of New York
U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:    **Siletti v. e-Dialog, Inc.**
            **Civil Action No. 08 cv 5561**

Dear Sir or Madam:

This firm is counsel to defendant e-Dialog, Inc. with respect to the above styled case. I am with this letter filing the defendant's Answer and Corporate Disclosure. Thank you in advance for your cooperation.

Respectfully submitted,

Jed Marcus

pc:    Alan L. Glazner, Esq. and Daniel Louis Grossman, Esq.

920633_1